UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT R. BANKS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 08-cv-63-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 5) filed by Petitioner Robert R. Banks (Banks). For the followings reasons, the Court DENIES the Petition.

### BACKGROUND

**I.**     **Procedural Posture**

On March 4, 2003, a federal grand jury sitting in Benton, Illinois, returned a one-count indictment charging Petitioner with conspiracy to distribute a mixture and substance containing cocaine base, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 8, 2004, a six-count superseding indictment was returned, charging Petitioner with conspiracy to distribute 5 or more grams of a mixture and substance containing cocaine base, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; conspiracy to distribute a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846; distribution of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and two counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). On November 2, 2004, a six-count second superseding

indictment was returned. The second superseding indictment increased the amount of the crack cocaine conspiracy to 50 grams or more and increased the amount of the marijuana conspiracy to 50 kilograms or more. On November 6, 2004, the Government filed an Information to Establish Prior Conviction, pursuant to 21 U.S.C. § 851. On November 8, 2004, the day of jury selection, Petitioner entered a conditional plea of guilty to conspiracy to distribute cocaine (Count 2), distribution of marijuana (Count 4) and distribution of cocaine (Counts 5 and 6). On July 27, 2005, this Court sentenced Banks to concurrent terms of 360 months imprisonment on the three cocaine counts and 120 months imprisonment on the marijuana count. Petitioner was also fined $1000, ordered to pay a $400 special assessment, and was placed on 10 years supervised release. Petitioner filed his timely notice of appeal on July 29, 2005.

On appeal, the sole issue raised was whether this Court erred when it imposed, as a special condition of Petitioner's supervised release, substance abuse testing as directed by the supervising United States probation officer, without specifying the number of tests to which Petitioner was ordered to submit. *See United States v. Banks*, 05-3358. On July 13, 2006, the Seventh Circuit issued a limited remand, remanding the case for the "exclusive purpose of advising [Petitioner] that he shall submit to a substance abuse testing .... not to exceed 52 tests in one year." On May 17, 2007, an Amended Judgment was entered. No appeal was taken from the Amended Judgment.

On March 6, 2008, Petitioner filed the instant § 2255 petition. In it, Petitioner raises the following issues: 1) whether his guilty plea was knowing and voluntary; and 2) whether trial counsel provided ineffective assistance of counsel based on counsel's failure to object to the § 851 Information. Although not listed as an issue raised, Petitioner also complains that trial counsel failed to conduct adequate pre-trial investigation.

ANALYSIS

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255

I. **Timeliness of Petition**

Prisoners used to be able to file motions under § 2255 at any time during their sentences. However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255), which added a one-year limitations period for a motion attacking a sentence. The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In this case, the one year limitations period began on the expiration of the ten-day period for filing an appeal of the Amended Judgment, June 1, 2007. See Fed.R.App.P. 4(b)(1)(A)(i). Banks, therefore, had until June 1, 2008, to file a timely petition pursuant to § 2255. Therefore, his petition, filed March 6, 2008, is timely.

## II.  Fifth Amendment Claim

Bank's first complains that his Fifth Amendment right to Due Process was violated when this Court accepted his guilty plea, because he was under the influence of pain medication at the time that effectively rendered his plea involuntary.

A Petitioner cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816. Even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and " 'will not be allowed to do service for an appeal.' " *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994); *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Here, Banks has not attempted to show good cause for his failure to raise this issue on direct appeal. Nor has he attempted to show actual prejudice from his failure to raise this issue on appeal. The Court is left to speculate that Banks did not raise the issue on appeal either because he was unable to assist in the formulation of his appeal due to the pain medication or because his appellate counsel was ineffective for failing to raise the issue. Ineffective assistance

4

of appellate counsel can sometimes constitute cause for failure to raise an issue on direct appeal. *See Franklin v. Gilmore,* 188 F.3d 877, 884 (7th Cir. 1999) (citing *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996) (holding that appellate counsel is ineffective "only when ignored issues are clearly stronger than those presented")) (§ 2254 context). However, Bank's reason for failing to raise the issue on direct appeal is unimportant, because he cannot establish that he suffered actual prejudice from the failure to raise this issue on appeal.

As an initial matter, Banks's attached "affidavit" is not competent evidence under 28 U.S.C. § 1746. "Mere unsupported allegations cannot sustain petitioner's request for a hearing." *United States v. Prewitt*, 83 F.3d 812 , 819 (7th Cir. 1996)(quoting *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989)). More importantly, a review of the transcripts shows that Banks was not "spaced out, withdrawn and incoherent" as his petition contends. He was, in fact, fully responsive, answering the Court's questions appropriately and completely. Although Petitioner takes part of the plea colloquy out of context in an attempt to make it appear as though he was confused about the proceedings, a review of the colloquy in context shows that Petitioner's confusion was limited to which document the Court was referencing when it used the term "second superseding indictment," and that his confusion was soon cleared up.

> The Court: Can you read and understand the English language?
>
> Banks: Yes, I can.
>
> The Court: Have you been provided a copy of the second superseding indictment, that is, the written charges against you, and discussed the charges and the case in general with your attorney, Mr. Kale?
>
> Banks: I've discussed it, but I haven't seen the actual copy yet.
>
> The Court: Why don't we show you one. I thought we were here last Thursday and we went through this.

5

| | | |
|---|---|---|
| Mr. Kale: | We did, your Honor. I went over it with you at the table. | |
| Banks: | Yes. | |
| The Court: | Look at it. He may recognize it. We went through this last Thursday. You remember seeing this and going over it, Mr. Banks? | |
| Banks: | Yes. | |
| The Court: | You were confused about what I was talking about. Let me start again. Have you received a copy of the second superseding indictment, that is, the written charges against you, and discussed the charges and the case in general with your attorney, Mr. Kale? | |
| Banks: | Yes, I have. | |
| The Court: | Have you also reviewed and received a copy of the 851 enhancement which established the prior convictions that was filed? | |
| Banks: | Yes, I have. | |
| The Court: | Are you fully satisfied with the counsel, representation, and advice given to you in this case by Mr. Kale, your attorney? | |
| Banks: | Yes, Your Honor, I'm completely satisfied. | |

It is true that, as Petitioner contends, "the Court failed to discuss in its change of plea colloquy with the defendant . . . that [defendant] was not in his right mind at the time." The reason for that is simple. There was no indication at the time, and there remains to this day no indication, that Petitioner's mental competence to knowingly and voluntarily enter a plea of guilty was at issue.

Only if the Court has "substantial reason to doubt the defendant's fitness," based on evidence such as the defendant's demeanor in court, evidence of irrational behavior, and any medical opinions on the defendant's competency, does due process obligate the district judge to order a competency hearing. *See, Sturgeon v. Chandler*, – F.3d –, 2009 WL 66352, *6 (7th Cir.

2009); *U.S. v. Grimes*, 173 F.3d 634, 635-36 (7th Cir. 1999). Neither the Court, nor defense counsel, nor counsel for the Government - all officers of the Court - had any reason, much less substantial reason, to question whether Banks was competent to enter his plea. The Court made the factual finding at the time it accepted Banks's guilty plea that the plea was made knowingly, voluntarily and competently. On direct appeal Banks would have had to have shown that the Court's acceptance of his appeal was plainly erroneous. *U.S. v. Moore*, 2008 WL 5175676, *1 (7th Cir. 2008) (citing *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001). Because, even now, Banks has presented no evidence that he was not competent to enter a guilty plea, he could not have met this standard on appeal. As a result, he cannot show that he suffered actual prejudice when this issue was not raised on direct appeal. As such, it is procedurally defaulted. Furthermore, for the reasons set forth above, Banks's claim that he was not competent to enter a guilty plea has no merit.

### III. Sixth Amendment Claims

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain*, 211 F.3d at 434. The plaintiff's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted).

To satisfy the first prong of the *Strickland* test, the plaintiff must direct the Court to specific acts or omissions of his counsel. *Fountain*, 211 F.3d at 434 (citing *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995)). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the range of professionally competent assistance. *Id.* The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Id.* The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694). "A mere possibility of prejudice does not qualify as actual prejudice." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). In evaluating these issues this Court must keep in mind that "the ultimate objective [of our legal system is] that the guilty be convicted and the innocent go free." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted). Finally, the Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

### A. Failure to Challenge the § 851 Information

Here, Banks contends that his counsel was constitutionally deficient because counsel failed to challenge the Government's § 851 Information, which Banks contends was fatally flawed. Banks asserts that "the prior conviction failed to satisfy the 'waiver' or 'prosecution by indictment' provision of Subsection (2) of the statute." The relevant portion of the statute, 21 U.S.C § 851(a)(2) reads as follows:

> An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for an excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

Here, as noted above, a grand jury returned the second superseding indictment against Banks "for the offense for which such increased punishment may be imposed" on November 2, 2004. Banks seems to believe that the prior conviction must also have proceeded by indictment or waiver of indictment. Banks's contention is directly contrary to the law. *U.S. v. Burrell*, 963 F.2d 976, 992-93 (7th Cir. 1992), *cert. denied*, 506 U.S. 928, 270 (1992); *see also United States v. Brown*, 191 F.3d 486, 487 (D.C.Cir.1999); *United States v. Sanchez*, 389 F.3d 271, 275 (1st Cir. 2004); United *States v. Ortiz*, 143 F.3d 728, 732 (2d Cir. 1998); *United States v. Lynch*, 158 F.3d 195, 198-99 (3d Cir.1998); *United States v. Gaitan-Acevedo*, 148 F.3d 577, 594 (6th Cir.1998);*United States v. Trevino-Rodriguez*, 994 F.2d 533, 536 (8th Cir. 1993); *United States v. Espinosa*, 827 F.2d 604, 616-17 (9th Cir.1987); *United States v. Adams*, 914 F.2d 1404, 1407 (10th Cir.); *United States v. Hardin*, 37 F.3d 595, 600-01 (11th Cir. 1994).

As such, any attempt by Banks's trial counsel to object to the § 851 Information because Banks's prior conviction had not proceeded by indictment would have been futile. The failure to raise a futile argument cannot be considered objectively unreasonable. *United States v. Rezin*,

9

322 F.3d 443, 446 (7th Cir. 2003). Therefore, Banks cannot meet the *Strickland* test on this claim.

B.   **Failure to Investigate**

Banks also contends in his Memorandum in Support of his Petition, although not in the Petition itself, that his trial counsel was ineffective for failing to properly investigate potential defenses to the charges against him. When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004). He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence. *See Hardamon*, 319 F.3d at 951.

Here Banks merely contends that his counsel failed to "discuss and explain possible defenses available to the Petitioner." He does not present to the Court what those "possible defenses" may have been. Confusingly, he argues, "Specifically, counsel failed to appraise the Petitioner of the defense that the Petitioner's alleged conduct could only justify a conviction. Understandably, the Petitioner would not have agreed to plead guilty, had he been informed of this available defense." The Court is at a loss as to what this statement means or how it could possibly constitute a defense. At any rate, the failure of Banks to present what a proper investigation would have uncovered, means that he cannot establish the prejudice prong of the *Strickland* test on this issue.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Banks's Petition for Federal Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Doc. 5).  The Clerk of Court is DIRECTED to

enter judgment accordingly.


**IT IS SO ORDERED.**
**DATED: January 23, 2009**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**