UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT R. BANKS,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 08-cv-0063-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's *Pro Se* Motion for Leave to Appeal

and *Pro Se* Motion for Leave to Proceed *in Forma Pauperis* (Doc. 12). Pursuant to Federal Rule

of Appellate Procedure 22(b)(1), the Court construes Banks's Motion for Leave to Appeal as a

request for a certificate of appealability. *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045

(7th Cir. 2001). A § 2255 petitioner may not proceed on appeal without a certificate of

appealability. 28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.

## I.    Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*,

542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner

must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas

petition should have been resolved in a different manner or that the issue presented was adequate

to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542

U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should

issue if the petitioner demonstrates "that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong.") The Court finds that Banks has

not made such a showing and, accordingly, declines to issue a certificate of appealability.

## II.    In Forma Pauperis

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  A frivolous appeal cannot be made in good faith.  *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).  The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967));  *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

With his petition for leave to appeal *in forma pauperis*, an applicant must include an affidavit setting forth his inability to pay or give security for the fees and costs he must pay, a claim of entitlement to redress, and the issues that the party intends to present on appeal.  Fed. R. App. P. 24(a)(1).  A prisoner must also include a certified copy of his trust fund account statement or institutional equivalent for the six-month period immediately preceding the filing of the complaint or notice of appeal.  28 U.S.C. § 1915(a)(2).

Here, Banks has not submitted the required affidavit.  Banks informs the Court that his attorney in this habeas action, Gerardo Gutierrez, has not communicated with him since November 21, 2008.  Banks asserts that he has received neither the Government's Response to his habeas petition nor the Court's Order denying his petition, and that he filed his Notice of Appeal presuming that his petition was denied.  Without a statement of issues the applicant intends to pursue on appeal, the Court cannot determine whether an appeal would be frivolous.  However, without a copy of the Government's response and the Court's Order, Banks is unable

to identify which issues he intends to pursue on appeal and on what basis.

<u>**CONCLUSION**</u>

Therefore, the Court **DIRECTS the Clerk of Court** to provide Banks with a copy of the Government's Response (Doc. 9), the Court's Memorandum and Order (Doc. 10) and the Clerk's Judgment (Doc. 11).  Additionally, Banks has not submitted a copy of his prison trust fund account activity as required by 28 U.S.C. § 1915(a)(2).  **IT IS THEREFORE ORDERED** that Banks shall submit on or before March 27, 2009, the required affidavit setting forth his inability to pay or give security for the fees and costs he must pay, a claim of entitlement to redress, and the issues that he intends to present on appeal.  Banks must include a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal.  Petitioner is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is his responsibility to obtain a copy of his prison trust account statement from each such facility and to forward it to the Court.  The Court **DECLINES** to issue a Certificate of Appealability.  The Court **RESERVES RULING** on the Motion to Proceed on Appeal *in Forma Pauperis* (Doc. 12).

      **IT IS SO ORDERED.**
      **DATED: March 2, 2009**

                                 <u>s/ J. Phil Gilbert</u>
                                 **J. PHIL GILBERT**
                                 **DISTRICT JUDGE**