IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT R. BANKS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO. 08-CV-00063-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Robert R. Banks' Motion to Alter Judgment (Cv. Doc. 30). The United States of America did not file a response. For the following reasons, the Court **DENIES** Banks' Motion (Cv. Doc. 30).

**BACKGROUND**

**I.    Standard for Reconsideration**

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). A motion filed pursuant to 60(b) is not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d

1041, 1052 (7th Cir. 2000);  *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995);  *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993).

**II.     Facts**

The United States filed an indictment against Banks on March 4, 2003 in the United States District Court for the Southern District of Illinois.  (Cr. Doc. 5, case number 03-40019).  Banks was initially charged with one count of conspiracy to distribute crack cocaine and marijuana in violation of 21 U.S.C. § 846.  *Id*.  While in prison awaiting trial, Banks was assaulted and suffered from a severely broken hip.  (Cr. Doc. 30, pp. 1-2).  In response, on March 26, 2003, this Court ordered the U.S. Marshal's Service to immediately transport Banks to the Bureau of Prison's medical facility to receive medical treatment.  (Cr. Doc. 17).

On June 8, 2004, the United States filed a superseding indictment that contained six counts of various drug offenses.  (Cr. Doc. 5, ¶ 1).  On November 2, 2004, the United States filed a second superceding indictment, and Banks was charged therein with conspiracy to distribute and possession with intent to distribute 50 grams or more of crack cocaine (Count 1ss), conspiracy to distribute and possession with intent to distribute cocaine (Count 2ss), conspiracy to distribute and possession with intent to distribute 50 kilograms or more of a mixture containing marijuana (Count 3ss), possession with intent to distribute and distribution of a substance containing a mixture of marijuana (Count 4ss) and possession with intent to distribute and distribution of cocaine (Counts 5ss and 6ss), all in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1), (b)(1)(C) and (b)(1)(D).  *Id*.

On November 6, 2004, the United States filed an Information to Establish Prior Conviction.  (Cr. Doc. 68).  On November 8, 2004, Banks appeared and informed this Court of

his intention to enter a plea of guilty to Counts 2, 4, 5 and 6. (Cr. Doc. 5, ¶ 2). In return, the United States agreed to dismiss the remaining counts. *Id*. Before Banks pled guilty, this Court asked Banks if it was his intent to plead guilty as his own free and voluntary act. (Cr. Doc. 117, p. 9). Banks asked this Court to repeat the question, which it did, and he then answered yes. *Id*. Additionally, this Court asked him if anyone was forcing him or threatening him to plead guilty, to which Banks responded no. *Id*. The Court reiterated both of these questions after Banks pled guilty, to which he again responded that it was his own free and voluntary act and that no one was forcing him to plead guilty. (Cr. Doc. 117, p. 14). The Court then adjudicated Banks guilty on Counts 2, 4, 5 and 6. *Id*.

On July 27, 2005, this Court sentenced Banks to concurrent terms of 360 months imprisonment on the three cocaine counts and 120 months on the marijuana count. (Cr. Doc. 91). He was also ordered to pay a $1,000 fine, a $400 special assessment and was given 10 years supervised release. *Id*.

### III.    Relevant Procedural Posture

Banks filed a notice of appeal on July 29, 2004. (Cr. Doc. 89). The only issue on appeal was whether this Court erred when it failed to specify the number of tests Banks was ordered to submit to during his supervised release. (Cv. Doc. 10, p. 2). On July 13, 2006, the Seventh Circuit remanded the case for the purposes of advising Banks of how many tests he would have to submit to. (Cr. Doc. 124). An amended judgment was entered on May 17, 2007 advising Banks as such. (Cr. Doc. 129).

On March 26, 2008, Banks filed a § 2255 habeas petition, raising the issues of whether his guilty plea was knowing and voluntary and whether his counsel was ineffective. (Cv. Doc.

5). This Court denied his petition on January 23, 2009. (Cv. Doc. 10). Banks then filed the instant motion on January 14, 2010. (Cv. Doc. 30). In it, Banks argues that the Court should have inquired into whether he was competent to enter a plea of guilty. *Id*.

## ANALYSIS

The issue before this Court is whether the Court should have inquired into whether Banks was competent to constitutionally enter a plea of guilty and waive his rights. A district judge is only required to order a competency hearing when the court has "substantial reason to doubt the defendant's fitness." *Eddmonds v. Peters*, 93 F.3d 1307, 1316 (7th Cir. 1996) (quoting *Phillips v. Lane*, 787 F.2d 208, 216 (7th Cir. 1986)). "There are . . . no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness." *Sturgeon v. Chandler*, 552 F.3d 604, 612 (7th Cir. 2009) (citing *Drope v. Missouri*, 420 U.S. 162, 180 (1975)). Relevant factors include evidence like irrational behavior, the defendant's demeanor in court and any medical opinions of the defendant's competency. *Id*. As discussed *supra*, however, a motion for reconsideration on this issue may not simply rehash old arguments.

In the present case, this Court has already ruled on whether it should have inquired into Banks' competency to enter a plea of guilty in its order denying his § 2255 petition. (Cv. Doc. 10). Specifically, this Court held that "neither the Court, nor defense counsel, nor counsel for the Government- all officers of the Court- had any reason, much less substantial reason, to question whether Banks was competent to enter his plea." (Cv. Doc. 10, p. 7).

In the present motion, the only additional piece of information Banks includes is that because this Court ordered his hospitalization, it should have inquired into his mental competency. This does not, however, advance a new argument because he specifically argued in

his § 2255 petition that the Court "failed to ascertain whether Banks had been under any medication . . . which would affect his understanding of the proceedings." (Cv. Doc. 5, ¶ 4). The only new aspect of this argument is the reasoning why the Court should have inquired into his competency and not whether it should have inquired into his competency in the first place.

Additionally, even if this is considered a new argument, there was no reason for this Court to suspect he was incompetent. He did not appear incompetent when he pleaded guilty, as is stated above. (Cv. Doc. 10, p. 7). Furthermore, there was a year and a half in between his hospitalization and his guilty plea, and there was no reason why the Court should have anticipated that he was still on any mind-altering medication. Banks' motion is therefore without merit.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Banks' Motion to Alter Judgment (Cv. Doc. 30).

**IT IS SO ORDERED.**
**DATED: April 14, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**