UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ROBERT R. BANKS,

    Petitioner,

vs.   Civil No. 08-cv-63-JPG

UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Robert R. Banks' *pro se* Notice of Appeal (Doc. 32) and Motion for Leave to Proceed *in Forma Pauperis* (Doc. 36). Pursuant to Federal Rule of Appellate Procedure 22(b)(1), the Court construes Banks' notice of appeal as a request for a certificate of appealability. *See Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A § 2255 petitioner, such as Banks, may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska*, 246 F.3d at 1045.

### ANALYSIS

**I.   Certificate of Appealability**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should

1

issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Although Banks' underlying Motion to Alter Judgment (Doc. 30), which the Court ultimately denied, (*see* Doc. 31), should have been dismissed for lack of jurisdiction for reasons discussed *infra*, the Court finds that Banks has not the requisite showing for a certificate of appealability. The Court therefore **DENIES** Banks' request for such a certificate.

## II.     *In Forma Pauperis*

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining if an appeal is in good faith or not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

The Court is satisfied from Banks' affidavit that he is indigent. Furthermore, the Court does not believe that his appeal is frivolous or malicious, especially in light of the fact that the Court should have dismissed Banks' motion to alter judgment for lack of jurisdiction rather than deny it.[1] Accordingly, the Court **GRANTS** Banks' motion to proceed *in forma pauperis*.

---

[1] A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (considering post-judgment Rule 6(e) motion). The underlying motion largely reasserts that Banks' guilty plea was involuntary; as such, it is a successive petition under the rule of *Gonzalez*.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Bank's *pro se* request for a certificate of appealability.  However, the Court **GRANTS** Banks' *pro se* Motion for Leave to Proceed *in Forma Pauperis* (Doc. 36) without prepayment of fees and costs.

**IT IS SO ORDERED.**
**DATED: May 14, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must first certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8.  *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  However, the Court of Appeals never made such a certification; therefore, the Court should have dismissed Banks' motion for lack of jurisdiction rather than deny it.