IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT R. BANKS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 08-cv-63-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court petitioner Robert R. Banks' motion pursuant to Federal Rule of Civil Procedure 60(d)(3) (Doc. 42) alleging fraud on the court. The Government did not file a response to the motion. For the following reasons, the Court denies Banks' motion (Doc. 42).

**Facts and Relevant Procedural History**

On March 4, 2003, a federal grand jury sitting in Benton, Illinois, returned a one-count indictment charging Banks with conspiracy to distribute a mixture and substance containing cocaine base, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 8, 2004, a six-count superseding indictment was returned, charging Banks with conspiracy to distribute 5 or more grams of a mixture and substance containing cocaine base, "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846; conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; conspiracy to distribute a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 846; distribution of a mixture or substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); and two counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(C). On November 2, 2004, a six-count second superseding indictment was returned. The second superseding indictment increased the amount of the crack cocaine conspiracy to 50 grams or more and increased the amount of the marijuana conspiracy to 50 kilograms or more. Thereafter, on November 6, 2004, the Government, represented by Assistant United States Attorney Amanda Robertson ("Robertson"), filed an Information Pursuant to 21 U.S.C. § 851 to Establish Prior Conviction ("Information"). The Information alleged that Banks pleaded guilty to a felony in Jackson County, Illinois, and was sentenced to eighteen months' probation. On November 8, 2004, the day of jury selection, Banks entered a conditional plea of guilty to conspiracy to distribute cocaine (Count 2), distribution of marijuana (Count 4) and distribution of cocaine (Counts 5 and 6). On July 27, 2005, this Court sentenced Banks to concurrent terms of 360 months imprisonment on the three cocaine counts and 120 months imprisonment on the marijuana count. Banks was also fined $1,000, ordered to pay a $400 special assessment, and was placed on 10 years supervised release. Banks filed his timely notice of appeal on July 29, 2005.

On appeal, the sole issue raised was whether this Court erred when it imposed, as a special condition of Banks' supervised release, substance abuse testing as directed by the supervising United States probation officer, without specifying the number of tests to which Banks was ordered to submit. *See United States v. Banks*, 05-3358. On July 13, 2006, the Seventh Circuit issued a limited remand, remanding the case "for a more definite statement as to the conditions of [Banks'] drug testing during supervised release." (Doc. 124, p. 2). On May 17, 2007, an Amended Judgment was entered. No appeal was taken from the Amended Judgment.

On March 6, 2008, Banks filed the § 2255 motion in the instant case in which he raised the following issues: 1) whether his guilty plea was knowing and voluntary; and 2) whether trial

counsel provided ineffective assistance of counsel based on counsel's failure to object to the Information. Although not listed as an issue in his § 2255 motion, Banks also complained that trial counsel failed to conduct adequate pre-trial investigation. The Court denied Banks' § 2255 motion finding that the Fifth Amendment claim in his first ground for relief was procedurally defaulted and the Sixth Amendment Claim in his second ground for relief failed because his counsel's performance was not objectively unreasonable. The Court also dismissed his references, not stated as a ground in his motion, that trial counsel was ineffective for failing to properly investigate potential defenses to the charges against him because Banks failed to suggest any possible defenses. Thereafter, this Court and the Seventh Circuit Court of Appeals denied Banks a certificate of appealability. On April 14, 2010, Banks filed a motion to alter or amend judgment pursuant to Rule 60(b) arguing that the Court should have inquired into whether he was competent to enter a plea of guilty. The Court denied the motion finding it simply rehashed old arguments. This Court denied a certificate of appealability, and Banks voluntarily dismissed his appeal.

Banks filed the instant motion on December 13, 2012, contending the Court should set aside its judgment in this case because Robertson committed a fraud on this court. Specifically, Banks alleges that Robertson intentionally misled the Court to believe in the Information that a conviction from Jackson County, Illinois, Case No. 98-CF-486, was a felony when he actually pled guilty to a misdemeanor. In support of this contention, Banks attaches a copy of his "criminal history data" sheet in case number 98-CF-486 from Jackson County, Illinois. That sheet indicates Banks received eighteen months' probation for possessing 30-500 grams of cannabis in violation of 720 ILCS 550.0/4(d). He does not attach a copy of the plea agreement from his Jackson County, Illinois case.

## Analysis

As an initial matter, the Court must determine whether it should construe Banks' Rule 60 motion as a successive § 2255 motion. In most cases a Rule 60 motion may be construed as a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). For instance, "a motion that seeks to add a new ground for relief" should be construed as a successive § 2255 motion. *Id*. However, if the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings" it should not be construed as a successive § 2255 motion. Here, Banks alleges an officer of the court intentionally deceived the court. Thus, he "attacks . . . a defect in the integrity of the federal habeas proceedings." *See id*. Accordingly, the Court will not construe Banks' motion as a successive § 2255 motion, but will consider it as a Rule 60 motion.

Rule 60(d)(3) provides that Rule 60 "does not limit a court's power to set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). There is no deadline to file a motion to set aside judgment based on fraud on the court. *See id*. Thus, "[i]t must therefore be defined narrowly lest it 'become an open sesame to collateral attacks, unlimited as to the time within which they can be made by virtue of the express provision in Rule 60(b) [now Rule 60(d)] on this matter, on civil judgments.'" *In re Golf 255, Inc.*, 652 F.3d 806, 809 (7th Cir. 2011) (quoting *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir 1997)).

"Fraud on the court" is not defined in Rule 60; however, courts have concluded it "consists of acts that 'defile the court.'" *In re Golf 255, Inc.*, 652 F.3d at 809. More specifically, courts have defined it as "'that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court (i.e., lawyers) so that the judicial machinery

4

cannot perform in the usual manner its impartial task of adjudging cases.'" *Id*. (quoting *Drobny v. Commissioner*, 113 F.3d 670, 677-78 (7th Cir. 1997)); *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) ("[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."). "Intent to defraud is an absolute prerequisite to a finding of fraud on the court." *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996)." "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987).

     The Court finds that Banks' motion fails for several reasons. First, assuming that Banks did plead guilty to a misdemeanor in the Jackson County, Illinois, case, the Court fails to understand how Roberts' alleged fraudulent representation to this Court that Banks was convicted of a felony constituted a fraud on the court in this § 2255 proceeding. The Court did not consider the merits of Banks' claim involving the Information because it found the claim was procedurally defaulted. Accordingly, whether Banks' conviction was a misdemeanor or felony had no bearing on the outcome of this § 2255 proceeding, and thus it had no effect on the ability of the Court to "perform in the usual manner its impartial task of adjudging cases." *See Drobny*, 113 F.3d at 677-78.

     However, even if the Court were to consider this claim as relevant to his § 2255 proceeding, Banks still fails to prove the underlying intent necessary to set aside a judgment based on fraud on the court. From the documents Banks provided, the Court comes to the conclusion that Banks was in fact charged with a felony in Jackson County, Illinois. The

criminal data sheet indicates he was sentenced to eighteen months' probation for a violation of 720 ILCS 550.0/4(d).  That Illinois statute provides that a person possessing "more than 30 grams but not more than 500 grams of any substance containing cannabis is guilty of a Class 4 felony; provided that if any offense under this substance (d) is a subsequent offense, the offender shall be guilty of a Class 3 felony."  720 ILCS 550/4(d).  Banks fails to attach any other documentation, such as a plea agreement, to suggest he actually pleaded guilty to a misdemeanor.

Even if Banks' documentation showed he pleaded guilty to a misdemeanor in his Jackson County, Illinois, case, he still fails to provide any evidence that Robertson *intentionally*, rather than mistakenly, misled the Court to believe his charge was a felony rather than a misdemeanor.  Accordingly, Banks fails to prove the requisite intent necessary for a finding of fraud on the court.  Further, his allegations of fraud are merely conclusory, and they do not provide the clear and convincing evidence necessary to set aside a judgment based on fraud on the court.

## Conclusion

For the foregoing reasons, Banks' motion (Doc 42.) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** February 4, 2013

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**